## NICOLE v. MUMFORD.

An administrator being appointed in the state where the deceased dwelt, may in this state sue for the recovery of any property belonging to the deceased.

ERROR from the Court of Common Pleas. The plaintiff being administrator on the estate of William Nicole, deceased, brought his action of debt, on bond, against the defendant. After having obtained *oyer* of the letters of administration, the defendant pleaded in abatement;—

1. That by the letters of administration shown on *oyer*, the plaintiff is appointed administrator on all and singular the goods, chattels, and credits, of William Nicole, deceased, within the state of New York; and in which character

the plaintiff ought to have challenged in this action; whereas, by the writ, the plaintiff challenges and describes himself as administrator on the goods, chattels, and credits of William Nicole, deceased, not administered by Ransalear Nicole, deceased, who, in his life, and at the time of his death, was administrator, etc.

2. That it appears by the letters of administration, that the plaintiff was only appointed administrator on the goods, chattels, and credits of the intestate in the state of New York, and not in any other state.

3. For that administration granted in the state of New York, doth not authorize such administrator to commence or prosecute any action for the recovery of any goods, chattels, or credits, within this state.

This plea was, by the Court of Common Pleas, adjudged sufficient, and the process abated; — but being brought up on writ of error, the judgment of the Court of Common Pleas was reversed.

By the whole COURT.    It appears by the letters of administration, recited in the plea in abatement to the action, before the Court of Common Pleas, that the plaintiff was duly appointed in the state of New York, administrator of the goods, chattels, and credits of William Nicole, deceased, within the district where the intestate in his lifetime dwelt; which letters of administration extend, by the words of them, to all the goods and chattels that the deceased possessed in his lifetime, and at his death; — therefore, the two first exceptions in abatement, are without foundation.

As to the third exception — That the plaintiff can have no authority to act as administrator in this state, by virtue of an appointment in another state, it does not appear to be

founded in reason, or on any positive law of this state.   Immemorial usage has been, to admit administrators appointed in other states to prosecute their actions here.   An administrator is appointed by act of law, to collect and administer the goods, chattels, and credits of the deceased person, for the benefit of the creditors and heirs, and acts in their right. It is most convenient, that the whole should be transacted by some person appointed in the state where the deceased dwelt, and the principal part of his estate is; and that all the proceedings should be registered in one office:   And an administrator being duly appointed according to the laws of such state, there appears no good reason why he may not act in that capacity in another state, as well as an attorney, or agent, appointed by any particular person, may be admitted to act for his constituents, especially among neighboring and confederated states.

It may, in some cases, be convenient to appoint an administrator on the goods of a foreigner, who dies in this state, in order to collect and inventory his effects found here, and for payment of his funeral charges, and debts contracted and due in this state:   Also, that the remainder of the goods or effects may be carefully delivered over, to be administered upon, at the place where the deceased belonged; as was done in the case of one Cadogan, who died in the district of Norwich, which was determined in this court last March term.— In the present case, it does not appear that the deceased had any goods or chattels to be administered in this state, or that there is any special reason why the administrator should not be admitted, according to the former usage and custom, to commence and prosecute actions in the courts

of law in this state, for the recovery of debts due to the estate of the deceased.

So the judgment of the Common Pleas was reversed.